IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2020 MAY -1  A 9: 49
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| STEPHANIE COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 1:20-cv-296-SRW |
| KELVIN MITCHELL ANDREWS, ) | |
| and ) | |
| ALLIED COMPANY OF THE ) | |
| WIREGRASS., d/b/a Allied Fence ) | JURY DEMAND |
| Company ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for legal and equitable relief to redress the unlawful discrimination and harassment on the basis of race and sex committed by Defendants. This suit is brought to secure the protection of and to redress the deprivation of rights secured by The Civil Rights Act of 1866, 42 U.S.C. § 1981 et. seq. (hereinafter "Section 1981") and Alabama state law, including racial discrimination, a hostile work environment, retaliation, outrage, invasion of privacy, intentional infliction of emotional distress, and false imprisonment.

2. Plaintiff demands a trial by jury of all issues so triable.

3. The conduct of Defendant, Kelvin Mitchell Andrews, is reprehensible, atrocious, extreme, outrageous, intentional, and beyond all possible bounds of decency and is utterly intolerable in a civilized society.

## PARTIES

4. Plaintiff, Stephanie Collins, is over the age of 19 and is a resident of Dothan, Houston County, Alabama.

5. Defendant Kelvin Mitchell Andrews is over the age of 19 and is a resident of Dothan, Houston County, Alabama and can be served at 5856 E Cottonwood Road, Dothan, Houston County, Alabama.

6. Defendant Allied Company of the Wiregrass d/b/a Allied Fence Company is a domestic limited liability corporation registered in Dothan, Houston County, Alabama.

## JURISDICTION

7. The jurisdiction of this court is invoked pursuant to The Civil Rights Act of 1866, 42 U.S.C. § 1981 and 28 U.S.C. 1367.

8. Defendants employed the Plaintiff in Dothan, Alabama where the events giving rise to Plaintiff's claims occurred. Therefore, venue in the Middle District of Alabama is proper pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

9. Plaintiff is a Caucasian female.

10. Defendant, Kelvin Mitchell Andrews, is a Caucasian male.

11. Plaintiff was an employee of Defendant Kelvin Mitchell Andrews and Defendant Allied Fence.

12. Defendant Kelvin Mitchell Andrews is the President, CEO, and sole member of Defendant Allied Company of the Wiregrass, Inc. d/b/a Allied Fence Company.

13. Plaintiff's stepfather is African-American.

14. Plaintiff's boyfriend is African-American.

15. Plaintiff's children are biracial.

16. In January 2020, Defendant Kelvin Mitchell Andrews made over fifteen statements to Plaintiff during the course of scope of Plaintiff's employment which related to Plaintiff's race, sex, and sexual relationships and associations.

17. Defendant made these statements with knowledge of Plaintiff's family background.

18. Each of the statements made by Defendant referenced herein are documented on an audio recording.

19. The statements were reprehensible, atrocious, extreme, outrageous, intentional, and beyond all possible bounds of decency and are utterly intolerable in a civilized society. For example, Defendant told Plaintiff,

    a) "I ain't a damn n****r;"

    b) "I am a white man and you better understand that;"

    c) "I am a white man and I am dominant over a damn female;"

    d) "You will never equal a white human. Never;"

e) "You are not a white human;"

f) "You are a white female;"

g) "You will never equal a human;"

h) "You squat to pee and you lay down and submit;"

i) "You are not dominant;"

j) 'You damn sure do with those f******g n****rs;"

k) "You lay down and f**k;"

l) "How the hell do you think you got f*****d by them n*****s?;"

m) "I'm telling you how the world is. You just don't understand;"

n) "You think you live in a black world where everyone kisses your ass. Well, that ain't the way it is in the white world;"

o) "You think you are special because you live with n*****s;"

p) "I can't help what you are. You are a white female who lives with n*****s;"

q) "And you think you are above the rest of us because you live with n*****s;"

r) "Just like the damn n*****s marching on the street think white people owe them something just because the black son of b******s are n*****s;

s) "Black people are fine. Stay in the black world. There ain't but one way to stop em and that's to do away with them. But the world ain't going to allow that."

4

## COUNT ONE
## CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981 et. seq.
## RACIAL DISCRIMINATION

20. Plaintiff realleges and incorporates by references the factual allegations in paragraphs 9-19 above as if fully set out in specific detail herein.

21. The Civil Rights Act of 1866 is one of the oldest civil rights laws in the United States. Congress enacted the Civil Rights Act of 1866 in response to rampant racial discrimination. Section 1 of the Act is codified at 42 U.S.C. § 1981. Section 1981 guarantees to "all persons" the same general rights of contract and equal protection and provides the following statement of "equal rights:"

> "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to the like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. 1981(a).

22. From Section 1981(a)'s general statement of equal rights, the United States Supreme Court has inferred a cause of action for claims that private parties have engaged in intentional racial discrimination.

23. Defendants have discriminated against Plaintiff on the basis of her race in violation of Section 1981 by outrageous statements and conduct.

24. As a direct and proximate result of Defendants' unlawful and discriminatory conduction in violation of Section 1981, Plaintiff has suffered and will continue to suffer severe harm and damages and is entitled to all legal and equitable

relief available under the law, including, but not limited to, an award of monetary damages and other legal and equitable relief in amounts to be determined by a jury.

25. Defendants' unlawful and discriminatory conduct was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's rights. Therefore, Defendant should be punished by an award of punitive damages.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants for such relief as is requested below.

## COUNT TWO
### CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981 et. seq.
### HOSTILE WORK ENVIRONMENT

26. Plaintiff realleges and incorporates by references the factual allegations in paragraphs 9-19 above as if fully set out in specific detail herein.

27. Defendant Andrews's conduct created a work environment which was permeated with discriminatory intimidation, ridicule and insult which was so severe as to alter the conditions of Plaintiff's employment and created an abusive working environment.

28. Defendant harassed Plaintiff and the harassment was motivated by Plaintiff's association with black people.

29. The statements made by Defendant are repulsive and outrageous.

30. The conduct was so severe that any reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and abusive.

31. As a proximate result of the foregoing acts and omissions of Defendant, the Plaintiff has been caused to suffer damages including, but not limited to, loss of earnings, benefits, and other pecuniary loss, as well as severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants for such relief as is requested below.

## COUNT THREE
### CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981 et. seq.
### RETALIATION - CONSTRUCTIVE DISCHARGE

32. The Plaintiff realleges and incorporates by references the factual allegations in paragraphs 9-19 above as if fully set out in specific detail herein.

33. Plaintiff engaged in protected activity under Section 1981 by associating with a black man.

34. As a result of engaging in protected activity, Defendant caused Plaintiff to suffer adverse employment actions by creating an abusive and hostile work environment.

35. The working conditions were so intolerable that any reasonable person in her position would be forced to resign and ultimately culminate into constructive discharge.

36. As a proximate result of the foregoing acts and omissions of Defendants, the Plaintiff has been caused to suffer damages including, but not limited to, loss of earnings, benefits, and other pecuniary loss as well as severe emotional and mental

distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants for such relief as is requested below.

## COUNT FOUR
## OUTRAGE

37. Plaintiff realleges and incorporates by references the factual allegations in paragraphs 9-19 above as if fully set out in specific detail herein.

38. In January 2020, Defendant intentionally and recklessly caused Plaintiff to suffer severe emotional distress by Defendant's outrageous statements to Plaintiff.

39. Defendant's actions toward Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in civilized society.

40. The emotional distress that Defendant caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

41. Plaintiff demands an award of damages by the jury in an amount to compensate her for the severe emotional distress.

42. In addition to damages for emotional distress, Plaintiff demands punitive damage to punish Defendant for the intentional, oppressive, willful, and malicious nature of Defendant's acts.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants for such relief as is requested below.

8

## COUNT FIVE
## INVASION OF PRIVACY

43. Plaintiff realleges and incorporates by references the factual allegations in paragraphs 9-19 above as if fully set out in specific detail herein.

44. In January 2020, Defendant committed a tortious invasion of privacy by wrongfully intruding into Plaintiff's private activities and affairs in an indecent and offensive manner and for an immoral and unlawful purpose so as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities and thereby invaded Plaintiff's privacy.

45. As the proximate consequence of Defendant's invasion of Plaintiff's privacy, Plaintiff suffered severe and permanent emotional distress including shame, humiliation, and embarrassment.

46. Plaintiff demands an award of damages by the jury in an amount to compensate her for the severe emotional distress.

47. In addition to damages for emotional distress, Plaintiff demands punitive damage to punish Defendant for the intentional, oppressive, willful, and malicious nature of Defendant's acts.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants for such relief as is requested below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Grant a declaratory judgment holding that the actions of the Defendant, described above, violated and continue to violate the rights of the Plaintiff as secured by the respective federal statutes and that a permanent injunction enjoining the Defendant, and those acting in concert with the Defendant and on the Defendant's behalf from continuing to violate such laws and for such other and equitable relief as appropriate.

2.      Grant the Plaintiff an Order requiring the Defendants to make the Plaintiff whole by awarding her backpay (plus interest), compensatory, punitive and /or nominal damages, and loss of benefits in compensation for the wrongful conduct she endured.

3.      The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of cost, attorney's fees and expenses.

Respectfully submitted this 1st day of May 2020.

/s/ Ashton H. Ott

Attorney for Plaintiff
Ashton H. Ott (ASB 7085-E58A)
FarmerPrice LLP
100 Adris Place
Dothan, AL 36301
Tel: (334) 793-2424
Fax: (334) 793-6624
ashton@farmerprice.com

/s/ *Valerie D. Judah*
Attorney for Plaintiff
Valerie D. Judah (ASB 3332-D67V)
Law Offices of Valerie D. Judah, LLC
119 S. Foster Street, Suite 104
Dothan, AL 36301
Tel: (334) 702-1332
Fax: (334) 702-3462
valjudah@valjudahlaw.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.**

**Ashton H. Ott**

**SERVE DEFENDANTS AT:**

Kelvin Mitchell Andrews
5856 E Cottonwood Road
Dothan, AL 36301

Allied Fence Co
c/o Kelvin Mitchell Andrews
5856 E Cottonwood Road
Dothan, AL 36301