IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 1:20-cv-296-ECM |
| | ) (WO) |
| KELVIN MITCHELL ANDREWS, | ) |
| and ALLIED COMPANY OF THE | ) |
| WIREGRASS d/b/a ALLIED FENCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

**I.     INTRODUCTION**

Plaintiff Stephanie Collins ("Collins") filed this action against defendants Kelvin Andrews and Allied Company of the Wiregrass doing business as Allied Fence Company (collectively the "Defendants") on May 1, 2020. (Doc. 1).  Collins alleges claims of race discrimination, hostile work environment and retaliation pursuant to 42 U.S.C. § 1981 as well as state law claims of outrage and invasion of privacy.  (*Id*.).  Summons and the complaint were issued to the Defendants on May 7, 2020. (Doc. 4).  Receipt cards showing service of the summons and complaint were returned on May 13 and May 14, 2020.  (Docs. 5 and 6).  There are no legible signatures on the receipt cards.  (*Id*.).  No answers were filed on behalf of the Defendants, and the Plaintiff filed an application to the Clerk of Court for

an Entry of Default on June 17, 2020. (Doc. 7). The Clerk completed the Entry of Default and mailed a copy to the Defendants on November 8, 2020.[1] (Doc. 8).

On February 4, 2021, the Plaintiff filed a motion for a hearing to determine damages and a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 9). For the reasons that follow, the Court concludes that the Plaintiff's motion for a hearing and motion for default judgment (doc. 9) are due to be DENIED at this time.

## II.   JURISDICTION

The Court has original subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331. The Court has supplemental jurisdiction of the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.   LEGAL STANDARD

It is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). An entry of default must precede an entry of default judgment. When a defendant "has failed to plead or otherwise defend" against claims, and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. FED. R. CIV. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

---

[1] There is no indication that the Entry of Default was mailed by certified mail to the Defendants. No "return to sender" notices or return receipts were received by the Court.

A default judgment may be entered where a defendant "has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). "But a defendant is under no obligation to plead or otherwise defend until and unless it is served with the summons and complaint." *Johnson v. Champions*, 2013 WL 275957, *1 (S.D. Ala. 2013) (internal quotations omitted). Thus, before the Court can enter default, the Defendants "must have been effectively served with process." 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.)

## IV.   DISCUSSION

The Defendants have failed to file a response or acknowledge the pending lawsuit. The Clerk has completed an Entry of Default. However, the Court does not obtain personal jurisdiction over a defendant who has not been properly served with process. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). Thus, before the Court can reach the merits of Collins' motion for default judgment, it must be satisfied that the Defendants were properly served.

Service of process is governed by Fed. R. Civ. P. 4(e) which permits service of an individual or a corporation to be effectuated in the following manner:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally.

3

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Collins did not attempt to deliver the summons and complaint to the Defendants in accordance with Fed. R. Civ. P. 4(e)(2). Thus, the Court must determine whether Collins perfected service in accordance with Alabama's rules of service in accordance with Fed. R. Civ. P. 4(e)(1).

Alabama law permits service of process by certified mail pursuant to Rule 4(i)(2)(B) of Alabama's Rules of Civil Procedure.

> Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default.

Ala. R. Civ. P. 4(i)(2)(C).

### A. Defendant Kelvin Andrews

Under Alabama law, Andrews can be served by certified mail. Ala. R. Civ. P. 4(i)(2). However, service by certified mail is not effectuated until "delivery to the named

4

addressee or the addressee's agent as evidenced by signature on the return receipt." *Id*. Because Andrews has not acknowledged receipt of the summons and complaint, the Court must determine whether there is evidence that Andrews actually received the summons and complaint. *See McCorvey v. Lalita LLC*, 2019 WL 5300438, *2 (S.D. Ala. 2019).

Service was attempted on Andrews by mailing the summons and complaint to Andrews "c/o Allied Fence Company, 5856 E. Cottonwood Road, Dothan, AL 36301." (Doc. 6). The signature on the receipt card is illegible and appears to be initials and numbers. The certified mail receipt merely indicates that the mail was received by an unknown person. While the receipt card has the box "agent" marked, there is no simply evidence before the Court that the person who signed the receipt was Andrews or his authorized agent.

The record is devoid of evidence that Andrews actually received the summons and complaint. The only evidence before the Court is a certified mail receipt with the box "agent" marked by an unknown person at Andrews' business address. At best, the evidence indicates that an individual at the Defendant's business received the summons and complaint. There is no evidence from which the Court could ascertain who the individual was or whether that the unknown person was authorized to receive and deliver Andrews' mail. Without some evidence that the individual was Andrews or authorized by Andrews to receive his mail, "service is not effected or complete by an individual signing the return receipt." *Id*. Consequently, the Court concludes that Collins has failed to demonstrate that Andrews was properly served, and thus, the Court lacks personal jurisdiction over him.

### B. Defendant Allied Company of the Wiregrass d/b/a Allied Fence

Collins also attempted to serve Defendant Allied Company of the Wiregrass doing business as Allied Fence Company by certified mail under Alabama law.[2] To serve a corporation by certified mail, Collins must serve "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). "If service is to be effectuated through certified mail the addressee must be a person described in Rule 4(c)." *Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019).[3] Rule 4(i)(2)(B)(i) clearly contemplates service on a person. *Id.*; *Parks v. Quality Service Integrity*, 2015 WL 6872498, *3 (N.D. Ala. 2015).

> Service on an artificial entity may be made by certified mail, but the addressee shall be a person described in the appropriate subsection [of Rule 4(c)]. *Id.* 4(i)(2)(B)(i), (ii). That is, the mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6).

*Johnson*, 2013 WL 275957 at 2 (internal brackets added). *See also, Parks*, 2015 WL 6872498 at 3.

---

[2] Fed. R. Civ. P. 4(h)(1)(A) and (B) contemplates service on a corporation in the same manner as service on an individual utilizing state law or by delivery on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Because Collins did not attempt to serve the corporate defendant by delivery, but rather attempted to serve the corporation by certified mail, the Court looks to Alabama law to determine whether Collins effectuated service on the corporate defendant.

[3] While the Court recognizes that *Hines*, *supra*, is an unpublished opinion, the Court finds its' analysis to be persuasive.

Service was attempted on Allied Company of the Wiregrass by mailing the summons and complaint to the company "d/b/a Allied Fence, 5856 E. Cottonwood Road, Dothan, AL 36301." (Doc. 5). This "attempt at service did not comport with the Alabama Rules of Civil Procedure" because it was not addressed to any officer, agent or person as required by the Rules. *Hines*, 782 F. App'x at 855. Thus, the Court concludes that because the summons and complaint were not addressed to a person as contemplated by the Rules, the Plaintiff has failed to demonstrate that she perfected service of process on the corporate defendant.

## V. CONCLUSION

Because the Plaintiff has failed to establish that the Defendants have been properly served, the Court lacks personal jurisdiction over them at this time. Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the Plaintiff's motion for hearing and motion for entry of default judgment, (doc. 9), are DENIED.

DONE this 4th day of June, 2021.

                                        /s/ Emily C. Marks  
                                        EMILY C. MARKS  
                                        CHIEF UNITED STATES DISTRICT JUDGE