IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 1:20-cv-296-ECM |
| | ) (WO) |
| KELVIN MITCHELL ANDREWS, | ) |
| and ALLIED COMPANY OF THE | ) |
| WIREGRASS d/b/a ALLIED FENCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Now pending before the court is Plaintiff's motion for an award of attorney's fees and costs.[1] (Doc. 25). For the reasons that follow, the Court will award $34,400.00 in attorney's fees and $400.00 in costs.

The Plaintiff, Stephanie Collins ("Collins"), was employed for approximately eight years by Kelvin Andrews ("Andrews") at Allied Company of the Wiregrass, doing business as Allied Fence Company. She brought claims of race discrimination, hostile work environment and retaliation pursuant to 42 U.S.C. § 1981 as well as state law claims of outrage and invasion of privacy. (Doc. 1). On September 28, 2022, the Court entered default judgment against the Defendants on the Plaintiff's § 1981 claims and awarded her damages

---

[1] Also pending before the Court is the Plaintiff's motion for entry of final judgment (doc. 28) filed on December 12, 2022. The Court entered final judgment on September 28, 2022 (doc. 24). This motion will be denied as moot.

in the amount of $222,759.69. (Doc. 23). The Plaintiff's motion for default judgment on her state law claims was denied. (*Id.*).

The Plaintiff now moves for an award of attorney's fees and costs under 42 U.S.C. § 1988. (Doc. 25).

## II. DISCUSSION

The Plaintiff has been represented by attorneys Ashton Ott and Valerie Judah pursuant to a contingency fee agreement that contemplates attorney's fees in the amount of 40% of any amount awarded in damages. Thus, under the agreement, the Plaintiff requests $89,103.88 in attorney's fees. "In any action or proceeding to enforce a provision of section[] 1981, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (alteration added). "The proper approach in applying a federal fee-shifting statute like § 1988 is to take a reasonable number of hours and multiply it by a reasonable fee and thereby create a 'lodestar.'" *Johnston v. Borders*, 36 F.4th 1254, 1282 (11th Cir. 2022). Although the Plaintiff requests attorney's fees pursuant to the contingency fee agreement, she points the Court to no authority that would support awarding fees on that basis. Consequently, the Court will utilize the lodestar approach when considering the Plaintiff's motion for attorney's fees.

It is undisputed that Collins is a prevailing party in this case. The Court entered default judgment against the Defendants and awarded damages in the amount of $222,759.69. After being given an opportunity, the Defendants have filed nothing in opposition to the motion for attorney's fees. Thus, the Court finds that Collins is entitled a reasonable attorney's fee as part of her costs pursuant to 42 U.S.C. § 1988.

Ms. Ott claims an hourly rate of $350 and seeks compensation for 26.5 hours for an award of $9,275.00. McDavid Flowers, an attorney who practices with Ms. Ott, claims an hourly rate of $250 and seeks compensation for 59.90 hours for an award of $14,975.00. Ms. Judah claims an hourly rate of $250 and seeks compensation for 41.30 hours for an award of $10,325.00. Thus, the Plaintiff seeks attorney's fees in the amount of $34,575.00.[2] (Doc. 25). In addition, the Plaintiff claims $400 as the filing fee and only recoverable cost in this case. (Doc. 25 at 4).

### A. Reasonable Attorney's Fee

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal quotation marks omitted). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (internal quotations omitted). "That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Id.* (internal quotations omitted).

---

[2] Included in the motion for attorney's fees is an entry for Bethany L. McGhee in the amount of $610.00 which constitutes an hourly rate of $100 for 6.10 hours of work. However, the motion for attorney's fees contains no affidavit from Ms. McGhee nor does the motion in any way identify Ms. McGhee. Accordingly, the Court declines to award any fees for work performed by Ms. McGhee.

1. *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In support of her motion, the Plaintiff's attorneys submitted affidavits detailing their expertise and experience in litigating discrimination claims. In addition, the attorneys submitted the affidavit of M. Adams Jones, an attorney in Dothan, Alabama. Attorney Jones is knowledgeable in the local market, the arena of civil rights litigation, and the reasonableness of rates in these types of cases. (Doc. 25-6). Mr. Jones concludes that "the hourly rates billed in the present case by each of the attorneys at their respective skill levels is consistent with the applicable range of such prevailing hourly rates." (*Id*. at p. 5). This is based on his knowledge of the attorneys' skill, ability, and experience and his view of the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Thus, the Court finds that $350 is a reasonable hourly rate for Ms. Ott and $250 is a reasonable hourly rate for Mr. Flowers and Ms. Judah.

2. *Reasonable Number of Hours*

The Court now turns to determining how many hours were reasonably expended on this litigation. *Norman*, 836 F.2d at 1301. This requires the Court to exercise billing judgment to exclude "excessive, redundant or otherwise unnecessary" hours. *Id.* (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Ms. Ott performed 26.50 hours of work while Mr. Flowers performed 59.90 hours of work. Ms. Judah performed 41.30 hours of work. Between the three attorneys, they performed 127.70 hours of work on a case that was resolved on a motion for default judgment. In addition, the bills submitted contain entries from which the Court is unable to determine whether the work was in this case or is duplicative. For example, on June 29, 2021, Ms. Ott billed .30 hours ($105.00) for an alias summons for Mike Magrino. On October 14, 2021, Mr. Flowers billed 1.60 hours ($400.00) for drafting affidavits for Mr. Magrino and Ms. McGhee. As previously noted, there is no affidavit for Ms. McGhee, nor is there an affidavit for Mr. Magrino. There is no way for the Court to discern from the record the role of Mr. Magrino in this litigation. Mr. Flowers also billed .40 hours ($100.00) for "research – Diaz Tesla docket." (Doc. 25-2 at p.3). The Court is unable to discern the relevance of this entry. Ms. Judah also appears to have double billed some work. For example, on June 18, 2020, Ms. Judah twice billed .30 and .20 hours ($125.00) for "efile – delivered to clerk for review." (*Id*. at p.11). On February 4, 2021, Ms. Judah billed .20 hours ($50) and .30 hours ($75) respectively for "final motion for default – efile." (*Id*.) Ms. Judah has numerous entries at .20 hours or .30 hours that merely state filing and then describe a document. The time entries make it hard to determine whether the hours were reasonably expended. Thus, the Court concludes that a reduction of hours is appropriate because the entries are vague, duplicative or otherwise unclear regarding their relevance to this action. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350. Based on the Court's review of the course of litigation and a review

of the record, the Court concludes that reducing the number of claimed hours by each attorney by approximately eight percent corrects for overbilling and vague entries. Thus, Ms. Ott will be compensated for 24 hours of billable time; Mr. Flowers will be compensated for 65 hours of billable time; and Ms. Judah will be compensated for 38 hours of billable time. That is reasonable under the circumstances.

      3.    *No Reduction for Partial Success*

Although the Plaintiff did not succeed on her state law claims, the Court declines to reduce the amount of fees on this basis. First, the Defendants did not object to the Plaintiff's motion for attorney's fees. More importantly, however, the Plaintiff succeeded on her primary § 1981 claims of race discrimination, hostile work environment and retaliation. The relief achieved is meaningful, and the Court determines that no reduction is appropriate in this case. Thus, this results in an award of attorney's fees to Ms. Ott in the amount of $8,400.00; an award to Mr. Flowers in the amount of $16,500.00; and an award to Ms. Judah in the amount of $9,500.00 for a total award of $34,400.00.

    **B.**    **Bill of Costs**

Federal Rule of Civil Procedure 54(d)(1) allows the Plaintiff to recover costs in addition to attorney's fees. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1296 (11th Cir. 2001). In addition, section 1988 permits the Court to award "a reasonable attorney's fee *as part of the costs*." 42 U.S.C. § 1988(b) (emphasis added). Thus, the Court may tax the following under 28 U.S.C. § 1920:

        (1)    Fees of the clerk and marshal;

        (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title; [and]

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Plaintiff seeks costs in the amount of $400.00 as the filing fee paid in this case which is clearly taxable under the law. "The presumption is in favor of awarding costs." *Arcadian*, 249 F.3d at 1296. This cost will be awarded.

### III. CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the Plaintiff's motion for attorney's fees and costs (doc. 25) is GRANTED to the extent that the Plaintiff is awarded $34,400.00 as a reasonable attorney's fee for this case and costs in the amount of $400.00. In all other respects, the motion is DENIED. It is further

ORDERED that the Plaintiff's motion for entry of final judgment (doc. 28) is DENIED as moot.

Done this the 8th day of May, 2023.

                          /s/ Emily C. Marks
                        EMILY C. MARKS
                        CHIEF UNITED STATES DISTRICT JUDGE