IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:20-cv-296-ECM |
| ) | (WO) |
| KELVIN MITCHELL ANDREWS and ) | |
| ALLIED COMPANY OF THE ) | |
| WIREGRASS, d/b/a ALLIED FENCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

On September 28, 2022, this Court entered a Memorandum Opinion and Order granting in part Plaintiff Stephanie Collins' ("Collins") motion for default judgment as to her 42 U.S.C. § 1981 claims of race discrimination, hostile work environment, and retaliation against Defendants Kelvin Andrews ("Andrews") and Allied Company of the Wiregrass d/b/a Allied Fence Company ("Allied") (collectively, the "Defendants"), and awarding Collins back pay, compensatory damages, punitive damages, and interest on those claims, (doc. 23); and a Final Judgment reflecting that judgment was entered in favor of Collins and against the Defendants, (doc. 24). Now pending before the Court is a motion for relief from judgment pursuant to Rule 60 filed by the personal representative of

Andrews' estate, purportedly on behalf of both Defendants. (Doc. 31).[1]  The Defendants assert that they are entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(1), or alternatively Rule 60(b)(6).  The motion is fully briefed and ripe for review.  For the reasons explained below, the motion for relief from judgment is due to be denied.

## II.  STANDARD OF REVIEW

Rule 60(b)(1) authorizes the court to relieve a party from a final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect."  "Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstances of the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993)).  To warrant Rule 60(b)(1) relief from a default judgment, the "defaulting party must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)).

Rule 60(b)(6) authorizes the court to relieve a party from a final judgment for "any other reason that justifies relief."  "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting

---

[1] The personal representative of Andrews' estate is not a party to this action and has not moved to intervene. Because the motion is due to be denied on the merits, the Court will assume without deciding that the personal representative is a proper party to move for Rule 60 relief on behalf of the Defendants.

2

*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). To warrant relief under Rule 60(b)(6), the moving party must not only show "'sufficiently extraordinary' circumstances," but also that "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015) (citation omitted).

### III.  BACKGROUND

#### A.  Procedural History

On May 1, 2020, Collins sued the Defendants in this Court, asserting claims of race discrimination, hostile work environment, and retaliation pursuant to § 1981, as well as state law claims of outrage and invasion of privacy. (Doc. 1). On June 29, 2021, a copy of the summons and complaint was served on Andrews—individually and as Allied's agent. (Docs. 15, 16). Thereafter, no answer was filed, and Collins filed an application to the Clerk of Court for an Entry of Default. (Doc. 17). The Clerk completed the Entry of Default on August 16, 2021. (Doc. 19). The Entry of Default was mailed to the Defendants.

On September 29, 2021, Collins filed a motion for entry of default judgment (doc. 19), a copy of which was mailed to the Defendants. The Court subsequently entered an Order requiring Collins to submit evidence in support of her request for a default judgment and damages, (doc. 20), and Collins thereafter filed a brief and evidentiary submissions, (docs. 21, 22). Among other evidence, Collins submitted an audio recording of Andrews, which she had referenced in her complaint and in which Andrews made numerous abhorrent and disparaging comments about women and African–Americans. Over the span of approximately four minutes, Andrews used the n-word ten times, told Collins she was not a human, and told Collins she would never equal a white human, among other abhorrent

3

comments. Collins also submitted a handwritten letter from Andrews to Collins' attorney in which Andrews does not dispute this recording. (Doc. 21-2 at 4). The letter, in its entirety, reads as follows:

> All statemen she recorder is the truth. I stand behind them  If she had not talk back to me this fuss would not happen. She would not do as I ask. Then given me order she made me mad and I tool her off. And this was in private until she made it public. All she wants is a free ride.

(*Id.*) (errors in original). Collins also submitted the affidavit of Michael Magrino ("Magrino"), the process server who had served Andrews with the complaint. Magrino stated that he spoke with Andrews at his home on October 21, 2021, and showed Andrews a copy of the handwritten letter. (*Id.* at 1). According to Magrino, Andrews confirmed that he wrote the letter. (*Id.*).

On September 28, 2022, the Court entered a Memorandum Opinion and Order granting Collins' motion for default judgment as to her § 1981 claims and awarding Collins $14,787.09 in back pay plus prejudgment interest; $50,000.00 in compensatory damages plus prejudgment interest; and $150,000.00 in punitive damages plus prejudgment interest. (Doc. 23). Final Judgment was entered the same day. (Doc. 24).

Collins subsequently filed a motion for attorney's fees and costs. (Docs. 25, 26). The Court entered an Order for the Defendants to respond to the motion by November 5, 2022, and a copy of this Order was mailed to the Defendants. (Doc. 27). The Defendants did not respond. On May 8, 2023, the Court entered a Memorandum Opinion and Order awarding Collins $34,400.00 in attorney's fees and $400.00 in costs. (Doc. 29). On July 19, 2023, the Defendants filed the instant Rule 60 motion for relief from judgment.

4

### B. Motion for Relief from Judgment

In support of their motion, the Defendants submitted an affidavit signed by Amanda Crum ("Crum"), the personal representative of Andrews' estate and Andrews' daughter. (Doc. 31 at 16–17). According to Crum, Andrews died on January 18, 2023, and previously had "extreme health issues that left him with many physical and mental problems." (*Id.* at 16). In November 2018, Andrews was hospitalized for a heart attack. Sometime after this hospitalization, Andrews underwent amputation of nearly all of his fingers and both legs. Crum asserts that the amputations as well as Andrews' overall health left him "in a bad physical and mental condition," and that "there were times when he was completely incoherent and could not even speak or care for himself." (*Id.*). Crum also asserts that she does not know whether Andrews was aware of Collins' lawsuit "or if he could have understood the nature of it," but that Andrews' "mental and physical state was poor from 2018" until his death. (*Id.* at 16–17).

In her response in opposition, Collins submitted, among other things, an affidavit signed by her attorney, Ashton Ott ("Ott"). Ott recounts that on July 17, 2021, she was contacted by Attorney Derek Yarbrough ("Yarbrough"), who requested a copy of Collins' complaint. Ott sent Yarbrough a copy of the complaint the same day. On August 2, 2021, Ott followed up with Yarbrough by email, noting that the answers were two weeks past due. Yarbrough responded that he would reach out to Andrews and "see what the insurance company said." (Doc. 36-2 at 6). Shortly thereafter, Yarbrough informed Ott that Andrews had decided not to hire him.

Collins also submitted an affidavit signed by Magrino, in which Magrino recounts three separate in-person interactions with Andrews during the pendency of Collins' lawsuit. Magrino first describes the circumstances of his serving Andrews with the summons and complaint on June 29, 2021. When Magrino arrived at Andrews' home that day, Andrews' daughter answered the door. Andrews eventually came to the front porch where Magrino was, and Magrino said he had some papers for Andrews and gave Andrews the papers. Andrews' daughter was present when Magrino handed over the papers. Magrino describes his interaction with Andrews as "normal," and that Andrews was "alert and engaged in casual conversation." (Doc. 36-1 at 2).

Magrino also saw Andrews at Andrews' home on October 21, 2021. As described earlier, Magrino showed Andrews a copy of the handwritten letter from Andrews to Collins' attorney, and Andrews confirmed that he wrote it. According to Magrino, Andrews was "alert, engaged in conversation and *was aware that Stephanie Collins had filed a lawsuit against him*." (*Id.* at 3 (emphasis added)). Andrews also indicated that he remembered Magrino from when he served Andrews with the lawsuit. (*Id.*).

Finally, on October 11, 2022, Magrino personally served Andrews with Collins' motion for attorney's fees and costs. According to Magrino, Andrews was again "alert, engaged in conversation and was aware that Stephanie Collins had filed a lawsuit against him." (*Id.*). Andrews also indicated that he remembered Magrino from his prior two visits.

### IV. DISCUSSION

The Defendants assert that they are entitled to Rule 60(b)(1) relief because Andrews' poor health supplies the "good reason" for their failure to respond to Collins'

6

complaint, they have a meritorious defense, and Collins would not be prejudiced if the final judgment were set aside. The Defendants contend that "there is not any clear evidence that [Andrews] could comprehend [the complaint] or that he received any other filing regarding the default," although they concede the record contains evidence that Andrews was served and that copies of the other filings were mailed to him. (Doc. 31 at 5). The Defendants also contend that they have a meritorious defense to Collins' lawsuit—Collins' allegations are untrue—and that Andrews' poor health, financial condition, and other considerations provide a meritorious defense to punitive damages. Additionally, the Defendants argue that this case falls within Rule 60(b)(6), although they do not independently analyze this provision or explain how it applies here.

      To obtain relief under Rule 60(b)(1), the Defendants must show that "a good reason existed" for failing to respond to Collins' complaint. *See In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295. The Defendants have proffered insufficient evidence to show that Andrews' health prevented him from responding to the complaint. Crum's statement that she does not know whether Andrews was aware of Collins' lawsuit "or if he could have understood the nature of it" merely reflects Crum's knowledge; it is speculative as to Andrews' health or ability to respond. Moreover, Crum's other contentions that Andrews was in poor health and suffered from specific ailments, without more, are insufficient to establish that his health prevented him from responding. *See Brown v. Devos*, 2020 WL 5892017, at *1 (M.D. Fla. Oct. 5, 2020) ("Typically, '[i]llness, by itself, will not support a finding of excusable neglect.'" (citation omitted)); *Abbey v. Mercedes-Benz of N. Am., Inc.*, 2007 WL 879581, at *1 (S.D. Fla. Mar. 20, 2007) (opining that "illness alone is not a

7

sufficient basis for setting aside a judgment" under Rule 60(b)(1) and explaining that "[s]hould illness prevent compliance with an order or deadline, the party should at least bring illness to the attention of the court in a timely manner" (citation omitted)).[2] Although Crum contends that "there were times when [Andrews] was completely incoherent and could not even speak or care for himself," (doc. 31 at 16), this contention, which is nonspecific as to a date or timeframe, is insufficient to support a finding that Andrews' health conditions prevented him from responding to Collins' complaint after he was served in June 2021 and until final judgment was entered in September 2022.

Additionally, Collins has produced evidence that Andrews *was* aware of the lawsuit and understood the nature of it. Evidence of Andrews' awareness and understanding includes (1) the letter he admittedly wrote in which he admitted making the statements in the recording and said he stood by them, (2) his consultation with an attorney regarding the lawsuit, (3) his conferring with his insurance carrier regarding coverage for the lawsuit, and (4) Magrino's affidavit testimony regarding his multiple interactions with Andrews in which Andrews was alert and aware that Collins had filed a lawsuit against him. In sum, the record evidence fails to establish that the Defendants had a good reason for failing to respond to Collins' complaint. For this reason alone, the Defendants' motion is due to be denied to the extent they request relief under Rule 60(b)(1).

Even if the Defendants had shown that they had a good reason for failing to respond, they are not entitled to Rule 60(b)(1) relief for the additional, independent reason that they

---

[2] Although the Court recognizes that *Brown* and *Abbey* are nonbinding, the Court finds the analysis in those cases persuasive.

have failed to establish a meritorious defense. "[T]o establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful." *In re Worldwide Web Systems, Inc.*, 328 F.3d at 1296. Simply "asserting a general denial" is insufficient. *Id.* The Defendants' mere assertion that Collins' allegations are not true is insufficient because it is simply a general denial. *See id.* Moreover, the Defendants' unsupported assertion is contradicted by ample record evidence, including Andrews' own statements in the recording and the letter which corroborate Collins' allegations.

The Defendants' argument regarding punitive damages fares no better. As indicated above, Collins was awarded $150,000.00 in punitive damages: three times the amount of compensatory damages. The Defendants contend in conclusory fashion that Andrews' poor health, his financial condition, and other considerations discussed in *BMW of North America, Inc v. Gore*, 517 U.S. 559 (1996), operate as a meritorious defense to the punitive damages award.[3] They contend, for example, that Andrews "may not have had any mental awareness in regard to the statements that he made." (Doc. 31 at 7). This contention is speculative, unsupported by evidence, and contradicted by record evidence showing that Andrews was aware of the statements he made to Collins and stood by them. Moreover, the Defendants do not elaborate regarding Andrews' financial condition or provide evidence sufficient to support a finding that his financial condition supplies a meritorious defense. Their invocation of unspecified *Gore* considerations is also insufficient to

---

[3] The Defendants acknowledge that Andrews' health would not be a defense to Collins' § 1981 claims.

establish a meritorious defense to the punitive damages award. Thus, the circumstances cited by the Defendants, considered separately or together, fall short of the requisite "affirmative showing of a defense that is likely to be successful." *See In re Worldwide Web Systems, Inc.*, 328 F.3d at 1296; *see also Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1283 (11th Cir. 2008) (concluding that punitive damages, which were 9.2 times greater than compensatory damages, were not excessive in a § 1981 case involving repeated instances of discriminatory misconduct, including multiple racially offensive comments).

Because they have failed to meet their burden to show that they had a good reason for failing to respond to Collins' complaint or that they have a meritorious defense, and considering the particular circumstances of this case, *see Conn. State Dental Ass'n*, 591 F.3d at 1355, the Court concludes that the Defendants have failed to establish excusable neglect warranting relief from the default judgment. Consequently, their motion is due to be denied to the extent they request relief under Rule 60(b)(1).[4]

The Defendants also have not established entitlement to relief under Rule 60(b)(6). As the Defendants acknowledge, Rule 60(b)(6) relief is available only in "cases that do not fall into any of the other categories" in Rule 60(b)(1) through (5). *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty.*, 920 F.2d 788, 791 (11th Cir. 1991). The Eleventh Circuit "consistently has held that 60(b)(1) and (b)(6) are mutually exclusive," and "[t]herefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Solaroll Shade*

---

[4] The Court pretermits discussion of whether setting aside the final judgment would prejudice Collins.

*& Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). The Defendants offer no other circumstances to warrant relief from the default judgment except for Andrews' purported excusable neglect attributable to his health issues. Because excusable neglect is a basis for relief under Rule 60(b)(1), and Rule 60(b)(1) and 60(b)(6) are mutually exclusive, the Court cannot grant the Defendants relief under Rule 60(b)(6) due to Andrews' health issues. *See Grant v. Pottinger-Gibson*, 725 F. App'x 772, 777 (11th Cir. 2018) (per curiam) (reaching a similar conclusion regarding a party's mistake about the legal effect of a filing);[5] *Solaroll*, 803 F.2d at 1133. In any event, the Court is also not persuaded that this case presents the extraordinary circumstances required to warrant Rule 60(b)(6) relief. *See Buck*, 580 U.S. at 123; *Doe*, 782 F.3d at 612. Consequently, the Defendants' motion is due to be denied to the extent they request relief under Rule 60(b)(6).

## V. CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED that the Defendants' motion for relief from judgment (doc. 31) is DENIED.

DONE this 19th day of October, 2023.

      /s/ Emily C. Marks
      EMILY C. MARKS
      CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Although the Court acknowledges that *Grant* is nonbinding, the Court finds its analysis persuasive.

11